**Dennis J. DOUGHERTY, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 02–3293.

United States Court of Appeals, Federal Circuit.

Dec. 9, 2002.

---

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

RADER, Circuit Judge.

Petitioner, Dennis J. Dougherty, seeks review of the final decision of the Merit Systems Protection Board (Board) denying his petition for enforcement of the Board's January 7, 1998 order. (*Dougherty v. Office of Personnel Mgmt.*, No. PH–831M–97–0471–C–1 (May 15, 1998)). Because there is substantial evidence that the Office of Personnel Management (agency) complied with the Board's January 7, 1998 order, this court *affirms*.

## BACKGROUND

Mr. Dougherty's father, the annuitant, died on March 31, 1996, and Mr. Dougherty promptly notified the agency of his father's death. Mr. Dougherty was the representative payee for his late father and received directly deposited payments in error following the annuitant's death for the months of March, April, May, and June 1996. The agency informed Mr. Dougherty of the overpayments in October 1996. The agency determined that an overpayment of $15,655.63 occurred. Mr. Dougherty requested reconsideration and waiver/compromise. Recovery of an annuity overpayment may be waived if the annuitant is without fault and recovery would be against equity and good conscience. 5 U.S.C. § 8470(b) (2002). The agency denied waiver under the rationale that Mr. Dougherty was not entirely without fault when he accepted payments, as he knew or should have known the payments were erroneous and not legally negotiable. The agency's decision was appealed to the Board.

In its January 7, 1998 initial decision, the Board found that the agency established that an overpayment of $15,655.63 occurred; however, the Board reversed the agency on its fault determination finding that Mr. Dougherty was not at fault because he had proven by substantial evidence that the overpayment was not the result of any action or inaction on his part. Because the agency failed to address whether recovery would be against equity and good conscience, the Board remanded the case back to the agency ordering a new reconsideration decision addressing the issue. On remand, the agency denied the waiver again, noting that Mr. Dougherty's duty to repay should not be waived for financial hardship.

Mr. Dougherty filed a petition for enforcement of the initial decision arguing that the agency had not complied with the Board's directive to address financial hardship. The Board denied the petition finding that the agency complied with the Board's initial decision as its new reconsideration decision specifically addressed the issue of whether recovery of the overpayment made to Mr. Dougherty would be against equity and good conscience due to financial hardship. In addition, the Board found that Mr. Dougherty did not challenge the agency's evidence of compliance or articulate how the agency failed to comply with the initial decision except for making bare allegations.

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. This court must affirm the Board's conclusions unless they are: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998).

Mr. Dougherty has not presented any reason to disturb the Board's denial of his enforcement petition. Mr. Dougherty has not presented any arguments to challenge the Board's findings with respect to the agency's compliance with the January 7, 1998 order. In addition, the Board cites substantial evidence in its decision to support a finding of compliance. In response to the Board's order, the agency issued a new reconsideration decision on January 23, 1998, that specifically addressed the issue of whether or not repayment of the debt by Mr. Dougherty would be against equity and good conscience due to financial hardship. Any substantive complaints that Mr. Dougherty has about the agency's handling of the issue of financial hardship are not relevant to the question of whether the agency did what it was ordered to do, such that it was in compliance with the Board's January 7, 1998 order.

Because the Board's decision was supported by substantial evidence, this court affirms.